IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guadalupe Robles-Castro,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-16-00123-PHX-SPL (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:**

  Pending before the Court is Guadalupe Robles-Castro's ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1). Respondents have answered (Doc. 9). As Petitioner has not replied, and the time to do so has passed, the matter is deemed ripe for consideration.

  Petitioner raises four grounds for habeas relief in the Petition. The undersigned finds that Ground One does not sufficiently state a claim for habeas relief and is without merit. The undersigned also finds that Ground Two is without merit. Finally, the undersigned finds that Grounds Three and Four are procedurally defaulted and that the defaults should not be excused. It is therefore recommended that the Petition be denied and dismissed with prejudice.

**I. BACKGROUND**

  In February 2011, a jury sitting in the Superior Court of Arizona in and for

Maricopa County convicted Petitioner of (i) kidnapping, a class 2 dangerous felony; (ii) conspiracy to commit kidnapping, a class 2 dangerous felony; (iii) theft by extortion, a class 2 dangerous felony; (iv) aggravated assault, a class 3 dangerous felony; and (v) aggravated assault, a class 6 dangerous felony. (Doc. 1-13 at 9-10). The trial court sentenced Petitioner to a combined prison term of twenty years. (Doc. 1-1 at 35; Doc. 1-13 at 14-17).

Petitioner's appellate attorney did not find any colorable claims to raise in a direct appeal. (Doc. 1-8 at 33-45). In his pro se Supplemental Brief, Petitioner raised claims alleging judicial bias and a violation of his right to a speedy trial. (Doc. 1-1 at 11-31). On September 6, 2012, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (*Id*. at 32-45). On January 3, 2013, the Arizona Supreme Court denied Petitioner's request for further review. (Doc. 1-2 at 5).

After completion of his direct appeal, Petitioner filed a Notice of Post-Conviction Relief ("PCR"). (*Id*. at 8). The trial court appointed PCR counsel, who could not find any colorable PCR claims. (*Id*. at 13-14). On July 31, 2013, Petitioner filed a pro se PCR Petition, which the trial court dismissed for failure to raise a colorable claim for relief. (*Id*. at 23-41, 41; Doc. 1-3 at 23).

Petitioner filed a Petition for Review with the Arizona Court of Appeals. (Doc. 1-3 at 26-28). On March 26, 2015, the Arizona Court of Appeals denied relief, finding that the Petition for Review raised issues not first presented to the trial court. (Doc. 1-4 at 1-2). The Arizona Supreme Court denied Petitioner's request for review on October 8, 2015. (*Id.* at 5-16, 18). On January 19, 2016, Petitioner timely initiated this federal habeas proceeding. (Doc. 1).

## II. LEGAL STANDARDS

### A. Exhaustion-of-State-Remedies Doctrine

It is well-settled that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270,

275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). The rationale for the doctrine relates to the policy of federal-state comity. *Picard*, 404 U.S. at 275 (1971). The comity policy is designed to give a state the initial opportunity to review and correct alleged federal rights violations of its state prisoners. *Id*. In the U.S. Supreme Court's words, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950).

The exhaustion doctrine is codified at 28 U.S.C. § 2254. That statute provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Case law has clarified that in order to "exhaust" state court remedies, a petitioner's federal claims must have been "fully and fairly presented" in state court. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To "fully and fairly present" a federal claim, a petitioner must present both (i) the operative facts and (ii) the federal legal theory on which his or her claim is based. This test turns on whether a petitioner "explicitly alerted" a state court that he or she was making a federal constitutional claim. *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1204–05 (9th Cir. 2005).

**B.  Procedural Default Doctrine**

If a claim was presented in state court, and the court expressly invoked a state procedural rule in denying relief, then the claim is procedurally defaulted in a federal habeas proceeding. *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Even if a claim was not presented in state court, a claim may be procedurally defaulted in a federal habeas proceeding if the claim would now be barred in state court under the

state's procedural rules. *See, e.g., Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Similar to the rationale of the exhaustion doctrine, the procedural default doctrine is rooted in the general principle that federal courts will not disturb state court judgments based on adequate and independent state grounds. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). A habeas petitioner who has failed to meet the state's procedural requirements for presenting his or her federal claims has deprived the state courts of an opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

As alluded to above, a procedural default determination requires a finding that the relevant state procedural rule is an adequate and independent rule. *See id*. at 729-30. An adequate and independent state rule is clear, consistently applied, and well-established at the time of a petitioner's purported default. *Greenway v. Schriro*, 653 F.3d 790, 797-98 (9th Cir. 2011); s*ee also Calderon v. U.S. Dist. Court (Hayes)*, 103 F.3d 72, 74-75 (9th Cir. 1996). An independent state rule cannot be interwoven with federal law. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). The ultimate burden of proving the adequacy of a state procedural bar is on the state. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003). If the state meets its burden, a petitioner may overcome a procedural default by proving one of two exceptions.

In the first exception, the petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law. *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014). To demonstrate "cause," a petitioner must show that some objective factor external to the petitioner impeded his or her efforts to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To demonstrate "prejudice," the petitioner must show that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494 ("Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other

than a showing that the prisoner was denied 'fundamental fairness' at trial.").

In the second exception, a petitioner must show that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Hurles*, 752 F.3d at 780. This exception is rare and only applied in extraordinary cases. *Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). The exception occurs where a "constitutional violation has probably resulted in the conviction of one who is actually innocent of the offense that is the subject of the barred claim." *Wood*, 693 F.3d at 1117 (quoting *Schlup*, 513 U.S. at 327).

### C. Reviewing the Merits of Habeas Claims

Federal law "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran,* 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). To plead a cognizable federal habeas claim, a petitioner must set forth in his or her petition the facts supporting the specific ground upon which relief is sought. Rule 2(c), foll. 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Rule 4, foll. 28 U.S.C. § 2254 (citation and internal quotation marks omitted); *see also Mayle v. Felix,* 545 U.S. 644, 655 (2005) (noting that the rules governing pleading for Section 2254 habeas petitions are "more demanding" than the notice pleading allowed under Fed. R. Civ. P. 8); *Wacht v. Cardwell,* 604 F.2d 1245, 1247 (9th Cir. 1979) (concluding that a habeas petitioner "failed to satisfy the specificity requirement of § 2254 pleadings or to show that there is a 'real possibility' of constitutional error" by "merely alleg[ing] that he '. . . was not informed of the consequences of his plea. . . .'"); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) ("[C]ursory and vague claim[s] cannot support habeas relief.").

In reviewing the merits of a sufficiently pled habeas claim, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to defer to the last reasoned state court decision. *Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014); *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013). To be entitled to relief, a state prisoner must show that the state court's adjudication of his or her claims either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *see also, e.g., Woods*, 764 F.3d at 1120; *Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2010); *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

As to relief under 28 U.S.C. § 2254(d)(1), "clearly established federal law" refers to the holdings of the U.S. Supreme Court's decisions applicable at the time of the relevant state court decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). A state court decision is "contrary to" such clearly established federal law if the state court (i) "applies a rule that contradicts the governing law set forth in [U.S. Supreme Court] cases" or (ii) "confronts a set of facts that are materially indistinguishable from a decision of the [U.S. Supreme Court] and nevertheless arrives at a result different from [U.S. Supreme Court] precedent." *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

As to relief under 28 U.S.C. § 2254(d)(2), factual determinations by state courts are presumed correct unless the petitioner can show by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see also Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011). A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence

presented in the state-court proceeding." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (as amended) (internal quotation marks and citation omitted).

### III. ANALYSIS

#### A. Ground One: Alleged Judicial Bias

In Ground One, Petitioner alleges that "'[j]udicial bias' contributed to Petitioner's conviction, which violated Petitioner's right to a fair trial, and rights to due process of the law as guaranteed by the [Fourth, Fifth, and Fourteenth Amendments to the United States Constitution]." (Doc. 1 at 6). In the "Supporting Facts" section, Petitioner merely states:

> (Id Feb. 04, 2010 p.8 Ln. 13-24 (and its hard for people like us to get people like you to understand)
> (Id Feb. 04, 2010 p. 8 Ln 13-24) (so we have a difficult time telling people about this, and educating them on it; AND I CERTAINLY HOPE YOU CAN UNDERSTAND WHAT THEY'RE SAYING)
> (Id Feb. 04, 2010 p. 8 Ln. 13-24) (if you aided and abetted people to commit crimes, you're just as liable as the person with the gun)
> (Id Feb. 24, 2011 p.11 Ln. 9-15) (so you can have this jury make the determination whether or not these aggravators exist. That is up to you. Mr. Bersky He'll waive your Honor or he'll stipulate. The Court: Is that correct, sir? Robles-Castro: Yes.)
> (Id Feb 24, 2011 Sentencing) (Aggravator used is possession of a weapon by illegal alien) even though a gun was involved Robles-Castro never used it, and aggravators were turned over to a judge who knew this above, but still made Robles-Castros crimes dangerous even though he knew better[)]

(Doc. 1 at 6) (emphasis in original).

The undersigned finds that Petitioner allegations of judicial bias are too vague and conclusory to support habeas relief. *See Greenway,* 653 F.3d at 804; *James,* 24 F.3d at 26; *Wacht,* 604 F.2d at 1247. However, the Court may liberally construe Ground One as setting forth the same judicial bias claim addressed on the merits by the Arizona Court of Appeals in Petitioner's direct appeal. The Arizona Court of Appeals explained that:

> [Petitioner] contends the judge presiding at the settlement conference, Judge Gottsfield, exhibited judicial bias by using

> the word "hope" instead of the word "know" when describing [Petitioner's] understanding of accomplice liability. [Petitioner] appears to claim the bias resulted in his confusion and therefore he did not receive proper notice regarding the gun, an aggravating factor, at the settlement conference. In an effort to address the merits of [Petitioner's] claim, we review whether proper notice was provided to [Petitioner].

(Doc. 1-1 at 42). In addressing the claim, the Arizona Court of Appeals first noted that Judge Gottsfield did not preside over Petitioner's trial. (*Id.*). The court found that Petitioner's notice rights were satisfied as all charges brought against Petitioner were contained in the indictment. (*Id.*). The court also observed that even though not required, Judge Gottsfield explained at the settlement conference "the enhanced sentence range of an aggravating factor to [Petitioner]." (*Id.* at 43; Doc. 1-8 at 53-67). Finally, the court stated that its "review of the entire record on appeal does not reveal evidence of bias or prejudice toward [Petitioner]." (Doc. 1-1 at 43).

To succeed on a judicial bias claim, a petitioner must "overcome a presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). A judge's remarks or opinions will not demonstrate bias unless they "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The undersigned does not find that the Arizona Court of Appeals rejection of Petitioner's judicial bias claim is contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court. Nor does the undersigned find that the Arizona Court of Appeals' rejection of the claim was based on an unreasonable determination of the facts. It is therefore recommended that the Court deny Ground One.

**B. Ground Two: Alleged Speedy Trial Violation**

In Ground Two of the Petition, Petitioner argues that the trial court denied his federal constitutional right to a speedy trial. (Doc. 1 at 7). "The Sixth Amendment guarantees that in all criminal prosecutions the accused shall enjoy the right to a speedy trial." *Doggett v. United States*, 505 U.S. 647, 651 (1992); *Barker v. Wingo*, 407

1  U.S. 514, 515 (1972); *United States v. Beamon,* 992 F.2d 1009, 1012 (9th Cir. 1993). The Supreme Court has set forth a four-factor balancing test in determining whether there has been a violation of the right to a speedy trial. The first factor of the analysis—the length of the delay—"is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. "If the length of delay is long enough to be considered presumptively prejudicial, an inquiry into the other three factors is triggered." *United States v. Mendoza*, 530 F.3d 758, 762 (9th Cir. 2008). Those factors include (i) the reason for the delay; (ii) whether the defendant asserted the speedy trial right; and (iii) whether the defendant suffered prejudice as a result of the delay. *See Doggett*, 505 U.S. at 651 (citing *Barker,* 407 U.S. at 530). No one factor is necessary or sufficient. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." In other words, the "factors have no talismanic qualities; courts must [] engage in a difficult and sensitive balancing process." *Barker*, 407 U.S. at 533.

Respondents do not contest Petitioner's assertion that he fairly presented the speedy trial claim contained in Ground Two to the Arizona Court of Appeals on direct appeal. (Doc. 1 at 7; Doc. 9 at 8). The Arizona Court of Appeals correctly analyzed the claim by considering the *Barker* factors. (Doc. 1-1 at 36-41). As explained below, the undersigned does not find that the Arizona Court of Appeals unreasonably weighed the *Barker* factors.

**1. First Factor: Length of the Delay**

Regarding the first *Barker* factor, the Arizona Court of Appeals found that the 488-day (approximately sixteen months) delay was significant, but weighed only "slightly in favor of [Petitioner's] position . . . ." (Doc. 1-1 at 37-38). This finding is not unreasonable given the circumstances of the case. Petitioner was not charged with "ordinary street crimes," but with kidnapping, conspiracy to commit kidnapping, theft by extortion, and two counts of aggravated assault. *See Barker*, 407 U.S. at 531 (noting that

"the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge"); *see also United States v. Tanh Huu Lam*, 251 F.3d 852, 857 (9th Cir. 2001) (finding that a 14.5 month delay in a case involving conviction for arson resulting in death militated "slightly" in defendant's favor); *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (finding that a nearly two-year delay was not excessive and did not "seriously weigh" in defendant's favor); *United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993) (17-month and 20-month delays were not "great").

### 2. Second Factor: Reason for the Delay

The Arizona Court of Appeals also found that the second *Barker* factor weighed only "slightly in favor" of Petitioner's position as "[n]o evidence exists showing the delay was a deliberate attempt to hamper [Petitioner]." (Doc. 1-1 at 38-39). As shown in the following summary, many of the continuances were requested or stipulated to by defense counsel:

- At Petitioner's October 15, 2009 arraignment hearing, the trial court calculated March 14, 2010 to be the deadline for Petitioner's trial.[1] (Doc. 1-12 at 4-6).

- The minute entry from a March 22, 2010 status conference reflects that the State offered Petitioner a plea agreement that expired on April 27, 2010. (*Id.* at 17). The trial court set a Status Conference/Possible Change of Plea hearing for April 27, 2010 and stated that a trial date would be set on that date if the parties do not settle. (*Id.*).

- At the April 27, 2010 hearing, the parties informed the court that they were still attempting to settle. (*Id.* at 19). The trial court continued the Status Conference/Possible Change of Plea hearing to May 11, 2010 and set June 14, 2010 as the firm trial date. (*Id.*).

- No settlement had been reached at the time of the May 11, 2010 hearing, and the trial court affirmed the June 14, 2010 trial date. (*Id.* at 21).

- The parties appeared in court on June 14, 2010. (*Id.* at 24). The State

---

[1] Arizona Rule of Criminal Procedure 8.2(a)(1) provides that a defendant in custody must be tried within 150 days from the date of arraignment.

- 10 -

moved to continue the trial due to the State starting trial in another case. The court granted the State's motion and reset the trial to August 9, 2010. (*Id.*).

- The parties appeared in court on August 9, 2010. (*Id.* at 26). The court vacated the trial upon agreement of counsel and good cause shown for the reason that "[i]nterviews are still being conducted." (*Id.*). The trial was reset to October 12, 2010. (*Id.*).

- At the October 5, 2010 Final Trial Management Conference, the parties agreed to continue the trial to October 25, 2010. (*Id.* at 30).

- At an October 19, 2010 status conference, the trial court reset the trial to October 26, 2010. (*Id.* at 32).

- The parties appeared in court on October 26, 2010. (*Id.* at 34). Counsel for the State and defense stated they are currently in trial, and the State indicated that it intended to file a motion to consolidate Petitioner's trial with a co-defendant. (*Id.*). The trial court vacated the trial and set a status conference on November 1, 2010. (*Id.*).

- At the November 1, 2010 status conference, defense counsel stated that he is ready to proceed with trial. (*Id.* at 36). The trial court scheduled the trial for December 6, 2010. (*Id.*).

- At a November 23, 2010 status conference, the trial court indicated that counsel for Petitioner's co-defendant requested additional time to prepare for trial. (*Id.* at 41). The trial court granted the continuance and reset the trial to January 4, 2011. (*Id.* at 42).

- The parties appeared in court on January 4, 2011. (*Id.* at 44). Upon agreement of counsel, the trial court continued the matter to January 10, 2011. (*Id.*).

- On January 10, 2011, the parties appeared in court, and the trial court reset the trial to February 14, 2011. (*Id.* at 46).

- At a February 8, 2011 status conference, the trial court granted defense counsel's motion to continue and reset the trial to February 15, 2011. (*Id.* at 51). The trial court found good cause for defense counsel's motion on that the ground that the parties were attempting to settle. (*Id.*).

- At a February 14, 2011 status conference, counsel for the State and defense stated they are ready to proceed with trial. (*Id.* at 53). The trial court affirmed the February 15, 2011 trial date. (*Id.*).

- Trial commenced on February 15, 2011. (*Id.* at 57).

As shown above, several of the continuances were requested because the parties were attempting to negotiate a settlement. The record reflects that Petitioner was present at all of the hearings and there is no evidence that Petitioner objected to any of the continuances. *See United States v. Shetty*, 130 F.3d 1324, 1330-31 (9th Cir. 1997) (finding delay attributable to defendant where neither defense counsel nor defendant objected to any of the continuances granted and instead stipulated to most of the continuances); *McNeely v. Blanas*, 336 F.3d 822, 827 (9th Cir. 2003) ("[D]elay attributable to the defendant's own acts or to tactical decisions by defense counsel will not bolster defendant's speedy trial argument."); *United States v. Aguirre,* 994 F.2d 1454, 1457 (9th Cir. 1993) ("The Speedy Trial Clause primarily protects those who assert their rights, not those who acquiesce in the delay."). The undersigned does not find that the Arizona Court of Appeals unreasonably weighed the second *Barker* factor.

### 3. Third Factor: Whether the Defendant Asserted the Speedy Trial Right

The Arizona Court of Appeals found that the third *Barker* factor weighed against a speedy trial violation, finding that Petitioner failed to assert his speedy trial right until his appeal. (Doc. 1-1 at 39). To reiterate, the record reflects that Petitioner was present for every grant of continuance and Petitioner has not produced evidence that he objected to any of the continuances or moved to substitute counsel when his counsel stipulated to the continuances. In fact, as the Arizona Court of Appeals' decision notes, the record indicates that on October 5, 2010, Petitioner "waived the applicable time limits." (*Id.* at 38; Doc. 1-12 at 30). The undersigned concludes that the Arizona Court of Appeals did not unreasonably weigh the third *Barker* factor. *See Barker*, 407 U.S. at 532 ("[F]ailure to assert the right will make it difficult for a [petitioner] to prove that he was denied

a speedy trial."); *United States v. Lam*, 251 F.3d 852, 857-58 (9th Cir. 2001), *amended,* 262 F.3d 1033 (9th Cir. 2001) (attributing responsibility for delay in trial to a petitioner's counsel and also finding that "such responsibility rightfully accrues to [the petitioner]") (citing *United States v. Guerra de Aguilera*, 600 F.2d 752, 753 (9th Cir. 1979) ("Litigants are generally bound by the conduct of their attorneys, absent egregious circumstances.").

### 4. Fourth Factor: Prejudice Caused by the Delay

Regarding the last *Barker* factor, the Arizona Court of Appeals did not find persuasive Petitioner's claim that the delay in his trial limited his recollection of the facts and his ability to remember and locate witnesses, stating that Petitioner "does not pinpoint any specific aspect of the indictment where his memory failed or any particular witness he was unable to locate for trial." (Doc. 1-1 at 40).

Petitioner's brief on direct appeal makes only vague and conclusory statements in support of his claim that his defense was prejudiced by the delayed trial.[2] (Doc. 1-1 at 24-27). The record does not contain evidence suggesting that Petitioner was prejudiced by the trial continuances. The undersigned does not find that the Arizona Court of Appeals unreasonably weighed the last *Barker* factor. *See Lam*, 251 F.3d at 860 (stating that a defendant's "contentions regarding alleged defects in witness testimony or lost evidence amount at most to speculation and fail to demonstrate any actual prejudice to his defense"); *King*, 483 F.3d at 977 (a defendant cannot rely solely on the mere "passage of time" to show prejudice).

For the above reasons, the undersigned does not find that the Arizona Court of Appeals' decision rejecting Petitioner's speedy trial claim was contrary to, or was based on an unreasonable application of clearly established federal law; nor was it an unreasonable determination of the facts in light of the evidence presented. The undersigned recommends that the Court deny Ground Two.

---

[2] Ground Two of the Petition likewise only makes vague and conclusory assertions that he was prejudiced by the delay. (Doc. 1 at 7).

- 13 -

**C. Grounds Three and Four: Alleged Ineffective Assistance of Trial and Appellate Counsel**
   **1. Grounds Three and Four are Procedurally Defaulted**

As detailed in the Court's screening order, Ground Three of the Petition "contends that [Petitioner's] right to effective assistance of counsel was violated by his trial attorney's failure to conduct investigation into or file a suppression motion based on a 'blatant [*Miranda v. Arizona*, 384 U.S. 436 (1966)] violation.'" (Doc. 5 at 2; Doc. 1 at 8).

In Ground Four, Petitioner alleges that his appellate counsel was ineffective for failing to advise Petitioner of his "right to appeal . . . trial counsel's ineffectiveness [by] not filing a motion to suppress as to the *Miranda* violation." (Doc. 1 at 9).

Petitioner presented the claims contained in Grounds Three and Four in his PCR Petition filed with the trial court. (Doc. 1-2 at 24-25). However, as the Arizona Court of Appeals' March 26, 2015 decision correctly explains, Petitioner did not present the claims in his Petition for Review filed with the Arizona Court of Appeals. (Doc. 1-4 at 2; Doc. 1-3 at 26-28). Rather, "[i]n his petition for review, [Petitioner] argues for the first time that the officer's explanation of his *Miranda* rights was legally insufficient and presents claims of ineffective assistance of counsel based on the alleged insufficiency." (Doc. 1-4 at 2).

"[T]o exhaust a habeas claim, a petitioner must properly raise it on every level of direct review." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004). "[C]laims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Arizona Rule of Criminal Procedure 32.9(c)(1)(iv) requires a petitioner to "present the issues and material facts supporting a claim in a petition for review and prohibits raising an issue through incorporation of any document by reference, except for appendices." *Wood v. Ryan*, 693 F.3d 1104, 1117 (9th Cir. 2012) (citing Ariz. R. Crim. P. 32.9(c)(1)(iv)).

Because Petitioner failed to present the claims contained in Grounds Three and

Four to the Arizona Court of Appeals in his Petition for Review, Grounds Three and Four are unexhausted. *See Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2004) ("To exhaust his claim, Castillo must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing."); *Coleman*, 501 U.S. at 732 (the failure "to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance"); *see also Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.").

Further, the adequate and independent state procedural rules contained in Arizona Rules of Criminal Procedure 32.2(a) and 32.4(a) would preclude Petitioner from returning to state court to exhaust Grounds Three and Four.[3] The undersigned therefore finds that Grounds Three and Four are procedurally defaulted. *See Beaty v. Stewart,* 303 F.3d 975, 987 (9th Cir. 2002) (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)).

## 2. Petitioner's Procedural Defaults are Not Excused

The merits of a habeas petitioner's procedurally defaulted claims are to be reviewed if the petitioner (i) shows cause for the default and actual prejudice as a result of the alleged violation of federal law or (ii) shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *McKinney v. Ryan*, 730 F.3d 903, 913 (9th Cir. 2013).

---

[3] Although the Arizona Rules of Criminal Procedure do not bar untimely or waived claims that fall within the category of claims contained in Arizona Rule of Criminal Procedure 32.1(d) through (h), Petitioner has not asserted that any of those exceptions apply to him and the undersigned does not find that any of the exceptions would apply.

Petitioner's status as a pro se litigant does not constitute "cause." *See Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (cause not established in case of illiterate petitioner who relied on the assistance of another inmate who was released); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (illiterate petitioner with a mental condition who relied upon incompetent "jailhouse lawyers" failed to show cause). Petitioner has failed to show cause for his procedural default. Where a petitioner fails to establish cause, the Court need not consider whether the petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Accordingly, the undersigned finds that Petitioner has not satisfied the "cause and prejudice" exception to excuse his procedural defaults.

To satisfy the fundamental miscarriage of justice exception, Petitioner must show that "a constitutional violation has resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. After reviewing the record, the undersigned finds no evidence showing that a constitutional violation has probably resulted in the conviction of an innocent man. The undersigned thus finds the miscarriage of justice exception inapplicable to this case. *Wood*, 693 F.3d at 1117.

As the undersigned does not find that Petitioner's procedural defaults should be excused, it is recommended that the Court dismiss Grounds Three and Four.

## IV. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court deny and dismiss the Petition (Doc. 1) with prejudice.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because the undersigned does not find that jurists of reason would find it debatable that (i) Petitioner has not made a substantial showing of the denial of a constitutional right as to Grounds One and Two and (ii) the dismissal of Grounds Three and Four is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 31st day of January, 2017.

_____
Eileen S. Willett
United States Magistrate Judge